UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.

**SOPHIA SMITH CLERVEAUX**,

    Plaintiff,

v.

**INTERNATIONAL STUDIES CHARTER HIGH SCHOOL, INC.**,
a Florida Not For Profit Corporation,

    Defendant.
_____/

## COMPLAINT

Plaintiff SOPHIA SMITH CLERVEAUX ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendant INTERNATIONAL STUDIES CHARTER HIGH SCHOOL, INC., a Florida not for profit corporation ("Defendant"), and as grounds states as follows:

### JURISDICTION AND VENUE

1. This is an action for damages and other relief based on unlawful employment practices committed by Defendant. Jurisdiction of this Court is invoked pursuant to the provisions of the Americans with Disabilities Act (the "ADA"), the Americans with Disabilities Act Amendments Act (the "ADAAA"; 42 U.S.C. §§ 12101 *et seq*.), and the Florida Civil Rights Act (the "FCRA"; §§ 760.01-760.11).

2. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§ 1331 and 1367.

3. Venue is proper in the U.S. District Court for the Southern District of Florida because: (i) Defendant maintains its principal place of business in Miami, Florida; (ii) Plaintiff was employed in Miami, Florida by Defendant; and (iii) the acts that give rise to Plaintiff's claims occurred therein.

## PARTIES

5. Plaintiff is a citizen of the U.S. and resided in the Southern District of Florida during all times pertinent to this complaint. Plaintiff is over the age of eighteen and is otherwise *sui juris*.

6. Plaintiff is a member of a class protected under the ADA, ADAAA, and FCRA in that she is a person with a disability or perceived disability who was subjected to the adverse employment action of termination based on her disability, and in retaliation for request for accommodations related thereto.

7. Defendant is a Florida not for profit corporation organized and existing under and by virtue of the laws of Florida, with its principal place of business located in Miami, Florida. All facts which give rise to this Complaint occurred within the Southern District of Florida.

8. Defendant engages in an industry affecting commerce and has employed fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with the ADA, ADAAA, and FCRA (42 U.S.C. § 12111(5); Fla. Stat. § 760.02(7)).

9. Plaintiff has exhausted all administrative prerequisites to the initiation of this lawsuit by timely filing a Charge of Discrimination (the "Charge") against Defendant with the Equal Employment Opportunity Commission (the "EEOC") and the Florida Commission on Human Relations (the "FCHR").

10. Plaintiff's Charge was simultaneously filed with the EEOC and FCHR on or about January 27, 2023. The actions complained of herein occurred within three hundred days preceding the filing of Plaintiff's Charge.

11.     The EEOC issued Plaintiff's Notice of Right to Sue on September 25, 2023. This Complaint has therefore been filed within the Notice's applicable ninety-day time limitation (a copy of the Notice is attached hereto as "Exhibit A").

12.     The FCHR did not issue any finding as to Plaintiff's Charge within 180 days of its filing.

13.     All conditions precedent to the filing of this action have been performed or waived.

## GENERAL ALLEGATIONS RELATED TO ALL COUNTS

14.     Plaintiff was employed by Defendant from August 2022 through November 4, 2022, performing work for Defendant's benefit as a Security Guard.

15.     Based on Plaintiff's tenure with the company, job performance, and positive feedback from supervisors throughout her employment, Plaintiff was fully qualified for her position during the time that all discriminatory and retaliatory events complained of herein occurred.

16.     Plaintiff has type 1 diabetes which limits the functioning of her endocrine system, resulting in recurring urinary tract and kidney infections. While experiencing these recurring infections, Plaintiff is limited in her ability to walk and stand. Plaintiff's condition is therefore a "disability" under the ADA, ADAAA, and FCRA in that Plaintiff's condition substantially limits one or more major life activities.

17.     Plaintiff notified Defendant of her condition at the onset of her employment.

18.     On or about October 11, 2022, Plaintiff experienced a kidney infection as a result of her diabetes and had to be hospitalized for two days. Plaintiff immediately notified her supervisors—principal Jennifer Jean ("Ms. Jean") and assistant principal Hector (LNU; "Hector")—of her condition and need for time off due to the hospitalization.

19.     During Plaintiff's hospitalization, she provided updates to Ms. Jean via text message regarding the status of Plaintiff's condition.

20.     Plaintiff was released from the hospital on October 13, 2022 and returned to work for Defendant the following day performing her normal job duties under her regular work schedule.

21.     On October 18, 2022, Plaintiff began to experience severe pain in her groin as a result of continued infection.  Plaintiff advised Ms. Jean and Hector that she needed to return to the hospital due to the pain resulting from her condition.

22.     Plaintiff returned to the hospital on October 18, 2022.  During this visit, Plaintiff's doctor instructed her to take the next five days off from work to recover from the infection.

23.     Plaintiff immediately advised Ms. Jean and Hector of her doctor's orders, requested five days' leave as a reasonable accommodation for her condition, and presented a doctor's note to Ms. Jean and Hector reflecting the same.

24.     Plaintiff returned to work on October 24, 2022 performing her normal job duties under her regular work schedule.

25.     On November 4, 2022, Ms. Jean terminated Plaintiff's employment without valid cause, stating only that Plaintiff was not a "good fit" for the position.

26.     Prior to Plaintiff's request for brief medical leave as an accommodation for her condition, Plaintiff was never disciplined by Defendant or advised that she was at risk of termination.

27.     Defendant's justification(s) for its termination of Plaintiff's employment, if any, are mere pretext for unlawful discrimination and retaliation.

28.     If, however, the reason(s) proffered by Defendant for Plaintiff's termination are found to be with merit, Plaintiff's disability or perceived disability, and/or request for accommodation were motivating factor(s) in Defendant's decision to commit this adverse employment action.

29.     Defendant acted with intentional disregard for Plaintiff's rights under the ADA, ADAAA, and FCRA.

30. Plaintiff has retained the undersigned firm to prosecute this action on her behalf and has agreed to pay it a reasonable fee for its services.

31. Plaintiff is entitled to recover reasonable attorneys' fees and costs if she is the prevailing party in this action.

## COUNT I
## DISABILITY DISCRIMINATION UNDER THE ADA AND ADAAA

32. Plaintiff re-adopts and re-alleges each factual allegation stated in paragraphs 1 through 31 as though set forth in full herein.

33. Title I of the ADA and the ADAAA prohibit employers from taking adverse employment action against an employee as a result of their actual disability, as a result of an employee's record of having a disability, and/or because the employer regards the employee as being disabled. Further, the ADA and ADAAA require employers to reasonably accommodate the actual disabilities and/or records of such disabilities of their employees.

34. Plaintiff was at all times qualified to perform the essential functions of her job as a Security Guard with or without a proposed reasonable accommodation. Plaintiff is therefore a "qualified individual" as that term is defined under the ADA and ADAAA, § 101(8) (42 U.S.C. § 12111(8)).

35. The adverse and disparate treatment to which Plaintiff was subjected by Defendant including, but not limited to, Plaintiff's termination was the direct and proximate result of Plaintiff's actual disability/disabilities, which substantially limited her in one or more major life activity.

36. Defendant's alleged basis for its adverse treatment of Plaintiff including, but not limited to, Plaintiff's termination is pretextual and asserted only to cover up the discriminatory nature of Defendant's conduct.

37. Even if Defendant could assert legitimate reasons for its adverse treatment of Plaintiff including, but not limited to, Plaintiff's termination—which reasons it did not/does not have—Plaintiff's disability was at minimum a motivating factor for Defendant's adverse treatment of Plaintiff.

38. As a result of the disparate conduct to which Plaintiff was subjected, including her termination, Plaintiff has experienced, and will continue to experience, significant financial and economic loss. To that end, Plaintiff demands reinstatement of her formerly held (or equivalent) position as permitted by law, reinstatement of benefits/seniority, and injunctive and/or declaratory relief.

39. Plaintiff alleges that Defendant's actions were done with malice and with disregard for her protected rights under the ADA and the ADAAA. Defendant, by and through its officers and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Ms. Jean, Hector, and/or other employees who decided to terminate Plaintiff's employment with Defendant. Therefore, Plaintiff is also entitled to recover punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff requests judgment against Defendant for:

    A. Actual damages as a result of Defendant's discriminatory actions;

    B. Punitive damages due to Defendant's willful behavior;

    C. Compensatory damages;

    D. Injunctive relief where feasible;

    E. Attorney's fees;

    F. Costs of this action; and

    G. Any other relief this Court deems proper.

## COUNT II
## DISABILITY DISCRIMINATION UNDER THE FCRA

40. Plaintiff re-adopts and re-alleges each factual allegation stated in paragraphs 1 through 31 as though set forth in full herein.

41. Section 760.10 of the FCRA states in relevant part:

> (1) It is an unlawful employment practice for an employer: (a) To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, natural origin, age, handicap, or marital status.

42. The FCRA accordingly prohibits employers from taking adverse employment action against an employee as a result of the employee's actual handicap/disability, as a result of an employee's record of having such handicap/disability, and/or because the employer regards the employee as handicapped/disabled. Further, the FCRA requires that employers reasonably accommodate their employees' actual handicaps/disabilities.

43. The adverse and disparate treatment to which Plaintiff was subjected by Defendant including, but not limited to, Plaintiff's termination was taken as a direct and proximate result of Plaintiff's actual disability, which substantially limited her in one or more major life activities.

44. Defendant's alleged basis for its adverse treatment of Plaintiff, if any, is pretextual and asserted only to cover up the discriminatory nature of Defendant's conduct.

45. Even if Defendant could assert legitimate reasons for its adverse and disparate treatment of Plaintiff, which reasons it did not/does not have, Plaintiff's disability was at minimum a motivating factor for Defendant's adverse treatment of Plaintiff.

46. As a result of the discriminatory conduct to which Plaintiff was subjected, Plaintiff has experienced, and will continue to experience, significant financial and economic loss in the form of lost wages. Plaintiff has also experienced, and will continue to experience, emotional anguish,

pain and suffering and loss of dignity damages. Plaintiff accordingly demands lost economic damages, lost wages, back pay, interest, front pay, the value and/or economic impact of lost benefits, and compensatory damages.

47. Based on information and belief, Plaintiff alleges that Defendant's actions were done with malice and with disregard for her protected rights under the FCRA. Defendant, by and through its officers and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Defendant's employees. Therefore, Plaintiff is also entitled to recover punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

A. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT III**
**VIOLATION OF THE ADA AND ADAAA**
**(RETALIATION)**

48. Plaintiff re-adopts and re-alleges each factual allegation stated in paragraphs 1 through 31 as though set forth in full herein.

49. Plaintiff requested brief medical leave for a definite period of time as a reasonable accommodation for her condition. Plaintiff made this request to her supervisors, Ms. Jean and Hector.

50. As a direct result of Plaintiff's requests for a reasonable accommodation, Plaintiff was subjected adverse employment action.

51. Plaintiff's termination constitutes an adverse employment action under the ADA and ADAAA.

51. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under the ADA and ADAAA. Defendant, by and through its officers and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Defendant's employees. Therefore, Plaintiff is also entitled to recover punitive damages from Defendant in a sum according to proof at trial.

52. Defendant's states reason(s) for its retaliatory termination of Plaintiff's employment is/are pretextual.

53. If, however, the reason(s) proffered by Defendant for Plaintiff's termination is/are found to be with merit, Plaintiff's requests for reasonable accommodation were at minimum a motivating factor in Defendant's decision to commit this adverse employment action.

WHEREFORE, Plaintiff requests that the Court award Plaintiff:

A. Judgment against Defendant to compensate her for past and future pecuniary losses, including injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory and retaliatory treatment in an amount to be determined at trial and in accordance with the ADA and ADAAA;

B. All costs of this action together with reasonable attorneys' fees incurred herein, pursuant to contract and/or statute; and

C. Such other and further relief as the Court deems appropriate.

## COUNT IV
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT
## (RETALIATION)

54. Plaintiff re-adopts and re-alleges each factual allegation stated in paragraphs 1 through 31 as though set forth in full herein.

55. Plaintiff brings this claim under the Florida Civil Rights Act, Florida Statutes § 760.01 et seq. for Defendant's retaliatory conduct.

56. On or about October 11, 2022, Plaintiff had a kidney infection and had to be hospitalized for two (2) days. Plaintiff immediately notified her supervisor and principal Jennifer Jean (hereinafter "Jean") and assistant principal Hector (LNU) (hereinafter "Hector") of her condition and provided updates as she was receiving them from the hospital as Jean had requested.

57. On or about October 13, 2022, Plaintiff was released from the hospital and scheduled to return to work the next day. On or about October 14, 2022, Plaintiff returned to work as scheduled.

58. On or about October 18, 2022, Plaintiff was experiencing severe pain in her groin and advised Jean and Hector that she had to return to the hospital due to the pain.

59. On or about October 18, 2022, Plaintiff was ordered to take time off work to rest for the next 5 days. Plaintiff then immediately advised Jean and Hector of the doctor's orders, requested

leave as a reasonable accommodation, and presented a doctor's note. This request was a protected activity under the FCRA.

60.  Plaintiff returned to work on or about October 24, 2022.

61.  On or about November 4, 2022, shortly after her return, Plaintiff was terminated by Defendant without valid cause. The reason provided by Jean was for allegedly not being a "good fit" for her position, which is false.

62.  As a direct result of Plaintiff's request, Defendant terminated Plaintiff without valid cause.

63.  Plaintiff's request for a reasonable accommodation of his disability was a motivating factor in Defendant's decision to terminate Plaintiff.

64.  As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, and has suffered emotional distress and damage.

65.  The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to accommodate Plaintiff, deprived the Plaintiff of statutory rights under state law.

66.  Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for his protected rights under FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Hector, Jean, and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

67.  Defendant's alleged reason for terminating Plaintiff are pretextual as described above.

68.  If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's requests for a reasonable accommodation in the form of sick leave, was a motivating factor in the decision for the adverse employment action(s).

69. Plaintiff further seeks his attorney's fees and costs as permitted by law.

WHEREFORE, Plaintiff respectfully requests judgment against Defendant as follows:

A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including appropriate back pay, benefits' adjustment, injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Florida Civil Rights Act, §§ 760.01-760.11.

B. The Court award punitive damages as permitted under the law;

C. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

D. The Court award Plaintiff the costs of this action together with his reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

E. Any other relief this Court deems proper.


[Remainder of Page Intentionally Blank]

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: December 21, 2023 　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　<u>/s/ P. Brooks LaRou</u>
　　　　　　　　　　　　　　　　　　　　Nathaly Saavedra, Esq.
　　　　　　　　　　　　　　　　　　　　Florida Bar No. 118315
　　　　　　　　　　　　　　　　　　　　Email: nathaly@peregonza.com
　　　　　　　　　　　　　　　　　　　　Juan J. Perez, Esq.
　　　　　　　　　　　　　　　　　　　　Florida Bar No. 115784
　　　　　　　　　　　　　　　　　　　　Email: juan@peregonza.com
　　　　　　　　　　　　　　　　　　　　P. Brooks LaRou, Esq.
　　　　　　　　　　　　　　　　　　　　Florida Bar No. 1039018
　　　　　　　　　　　　　　　　　　　　Email: brooks@peregonza.com
　　　　　　　　　　　　　　　　　　　　**PEREGONZA THE ATTORNEYS, PLLC**
　　　　　　　　　　　　　　　　　　　　5201 Blue Lagoon Drive, Suite 290
　　　　　　　　　　　　　　　　　　　　Miami, Florida 33126
　　　　　　　　　　　　　　　　　　　　Telephone: (786) 650-0202
　　　　　　　　　　　　　　　　　　　　Facsimile: (786) 650-0200
　　　　　　　　　　　　　　　　　　　　*Counsel for Plaintiff*